IRWIN *v.* IRWIN, administrator.

No. 9875.   SEPTEMBER 19, 1934.

494

*W. A. McClain, Homer Watkins,* and *Thomas M. Stubbs,* for plaintiff.

*William A. Ingram,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) In the first count of the petition the action is based on the assignment quoted above. In the second count the action is based on an alleged gift inter vivos. The plaintiff contends that she is entitled to recover the money in the hands of the administrator of Mrs. Irwin, by virtue of the assignment. It is argued that § 454 of title 38 in U. S. C. A. has been repealed in toto, that the original provision of § 454 forbidding assignment has been construed by several courts to be merely a provision for the protection of the government, and that since the government has no further interest in the fund in controversy this provision of § 454 is not applicable. As a matter of fact § 454 was not repealed in toto. The act of Congress approved March 20, 1933 (Laws 73d Congress, pp. 11-12), in section 17 provides: "All public laws . . granting or pertaining to yearly renewable term insurance are hereby repealed, but payment in accordance with such laws shall continue to the last day of the third calendar month following the month during which this act is enacted. . . Provided, that nothing contained in this section shall interfere with payments heretofore made or hereafter to be made under contracts of yearly renewable term insurance which have matured prior to the date of enactment of this act and under which payments have been commenced, or on any judgment heretofore rendered in a court of competent jurisdiction in any suit on a contract of yearly renewable term insurance, or which may hereafter be rendered in any such suit now pending." The judgment on the war-risk insurance contract involved in this case was affirmed by the U. S. Circuit Court of Appeals before the passage of this act, to wit, on October 29, 1932 (U. S. *v.* Irwin, 61 Fed. (2d) 488). So this judgment is expressly excepted from the repeal relied upon, and the court there-

fore did not err in sustaining the demurrer to the first count of the petition. The plaintiff maintains that a gift inter vivos was made, but it is apparent from the allegations of the petition that the subject-matter of the gift was not in the possession of the alleged donor at the time of the purported gift. At most there was only an attempt to make a gift of an inchoate entity which was not sufficiently tangible to be susceptible of actual delivery. The fact that Mrs. Abner intervened as a plaintiff in Mrs. Irwin's suit for the recovery of the proceeds of the policy, at the request of Mrs. Irwin herself, denies the existence of any gift, or is at least a waiver on the part of Mrs. Irwin of any benefit that might have attached to the gift. Mrs. Irwin did not object to Mrs. Abner so intervening; on the contrary she invoked her intervention. In these circumstances the judgment of the U. S. Circuit Court of Appeals is so conclusive that it obviates the necessity of considering the principles of law which may have been involved prior to this intervention, by which the parties, of their own motion, sought to have thus adjudicated. So we are of the opinion that the court did not err in dismissing the second count, and thereby the entire petition.

*Judgment affirmed. All the Justices concur.*